## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Mauricio O.,                                    Case No. 23-cv-0998 (WMW/DLM)

       Petitioner,

v.                                              **REPORT AND**
                                                **RECOMMENDATION**

Immigration & Customs Enforcement,

       Respondent.

Petitioner Mauricio O. filed a petition for a writ of habeas corpus requesting an order directing Immigration & Customs Enforcement ("ICE") to release him because he has been in custody on an order for final removal since January 9, 2023. (Doc. 1.) He also filed an application to proceed in district court without prepaying fees or costs ("IFP Application"). (Doc. 4.) The petition comes before the Court for initial review pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts.[1] Upon that review, this Court recommends that the petition be dismissed as premature and his IFP Application be denied as moot.

Mauricio O. is a civil detainee in the Freeborn County Jail being held on a federal immigration detainer. (Doc. 1.)  According to Mauricio O., he signed his final order for

---

[1] Mauricio O.'s habeas petition is not brought pursuant to 28 U.S.C. § 2254.  Nevertheless, the Rules Governing Section 2254 Cases may be applied to his petition.  *See* Rule 1(b).

removal in July or September 2018 and has been in custody since January 9, 2023.[2] (*Id.*) Mauricio O. claims that because he has been in custody for more than 90 days on a final order for removal and has not been removed, he should be released under 8 U.S.C. § 1231(a)(1)(A). (*See id.*)   Mauricio O. requests an order releasing him on conditions of supervision to be determined by the Attorney General. (*See id.*)

Pursuant to 8 U.S.C. § 1231(a)(1)(A), when an alien such as Mauricio O. is ordered to be removed, the government "shall remove the alien from the United States within a period of 90 days," which is referred to as the "removal period." *Id.*  Section 1231(a)(1)(B) identifies the event that triggers the start of this 90-day clock. *Id.* § 1231(a)(1)(B)(i)-(iii). The government, however, may continue to detain certain aliens beyond the initial 90-days:

> An alien ordered removed who is inadmissible under [8 U.S.C. § 1182], removable under [8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4)] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

Although Section 1231(a)(6) does not expressly limit how long the alien may continue to be detained, in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6) contains "an implicit 'reasonable time' limitation,

---

[2] Mauricio O. asserts in the petition that he signed the order for removal in September 2018. (Doc. 1.) The supplement he filed with the Court claims that he signed the order for removal in July 2018. (Doc. 5.)  To determine whether Mauricio O. is entitled to any habeas relief, the Court considers both his habeas petition, (Doc. 1), and supplement, (Doc. 5). *See* Rule 4.

the application of which is subject to federal-court review." *Id.* at 682. Specifically, the "Supreme Court went on to hold [in *Zadvydas*] that it is presumptively reasonable to keep an alien subject to a final removal order in custody for a total of six months." *Bah v. Cangemi*, 489 F. Supp. 2d 905, 916 (D. Minn. 2007) (citing *Zadvydas*, 533 U.S. at 682). Detention beyond the six months is "presumptively unreasonable, and hence unlawful, unless 'removal is . . . reasonably foreseeable.'" *Id.* (quoting *Zadvydas*, 533 U.S. at 699).

Here, Mauricio O. asserts that he has been in custody on a final order of removal since January 9, 2023. (Doc. 1.) Although more than 90 days have elapsed since January 9, 2023, as of the date of this Report and Recommendation, Mauricio O. has not been detained for more than 180 days. Accordingly, Mauricio's current detention is not yet presumptively unreasonable. *See Bah*, 489 F. Supp. 2d at 916 ("The six-month period of presumptively reasonable detention established in *Zadvydas* consists of the 90-day removal period . . . plus an additional 90 days."). Mauricio O.'s habeas petition should therefore be dismissed because it was commenced prematurely—i.e., before the expiration of 180-days of post-removal order detention. Mauricio O. should note, however, that the dismissal of this action does not prevent him from filing another habeas petition under 28 U.S.C. § 2241 should he remain in custody for 180 days (or more) post-removal order. *See Mehighlovesky v. U.S. Dep't. of Homeland Sec.*, Case No. 12-cv-0902 (RHK/JJG), 2012 WL 6878901, at * 6 (D. Minn. Dec. 7, 2012), *R&R adopted*, 2013 WL 187553 (D. Minn. Jan. 17, 2013) (listing cases).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED** that:

1. Petitioner Mauricio O.'s petition for habeas corpus relief under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**; and

2. Petitioner's application to proceed in district court without prepaying fees or costs (Doc. 4) be **DENIED** as moot.

Dated: May 4, 2023                            _  s/Douglas L. Micko_____
                                             DOUGLAS L. MICKO
                                             United States Magistrate Judge

## <u>NOTICE</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).